UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:24-cr-22-SEB-MG |
| DONTE ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and Pamela S. Domash, Assistant United States Attorney ("the Government"), and the defendant, Donte Allen ("the defendant"), in person and by counsel, Stacy Uliana, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following are its terms and conditions:

### Guilty Plea and Charge(s)

1.    **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offense(s) charged in the Indictment:

a.    Count(s) 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22 which charge(s) that the defendant committed the offense of Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section(s) 1951(a)(1).

b.    Count(s) 3, 5, 7, 23 which charge(s) that the defendant committed the offense of Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section(s) 924(c).

2. **Potential Maximum Penalties**: The offenses in counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22 are punishable by a maximum sentence of 20 years' imprisonment, a $250,000 fine, and not more than 3 years' supervised release following any term of imprisonment.

The offenses in counts 3, 5, 7, 23 are punishable by a sentence of at least 7 years to life years' imprisonment, a 250,000 fine, and not more than 5 years' supervised release following any term of imprisonment. Each count is mandatorily consecutive to any other count.

3. **Elements of the Offense:** To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

**Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22:**

- The defendant knowingly obtained or attempted to money or property from or in the presence of employees of Disc Replay, GameStop, and AutoZone; and

- The defendant did so by means of robbery; and

- The defendant believed that an employee of Disc Replay, GameStop, and AutoZone parted with the money or property because of the robbery; and

- The robbery affected interstate commerce.

**Counts 3, 5, 7, 23:**

(l) the defendant committed the offense of robbery as charged in Counts 2, 4, 6, and 22;

(2) the defendant knowingly brandished a firearm; and

(3) the defendant's brandishing of the firearm was during and in relation to the robbery charged in Count 2, 4, 6, and 22.

4. **Dismissal of Counts:** Following imposition of sentence, the government will move to dismiss Count(s) 1, 9, 11, 13, 15, 17, 19, 21, and 24 of the Indictment.

## General Provisions

5.      **18 U.S.C. § 3553(a) and Sentencing Guidelines:**  The defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the defendant to the specific sentence set forth in paragraph 9a, below.  The defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph 9a, below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.").  The defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

6.      **Rule 11(c)(1)(C), Fed. R. Crim. P.:**  The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 9a, below, is the appropriate disposition of this cause.  The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement.  If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement.  The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise the defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

7.      **Plea Agreement Based on Information Presently Known:**  The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.  The Government agrees not to bring other federal charges against the

defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

8.    **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.   The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

9.    **Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial;  (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to

---

[1]Title 18, U.S.C. §§ 3141-3156, <u>Release and Detention Pending Judicial Proceedings</u>.

appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Rule 11(c)(1)(C) Provision(s)

**10.    Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause.  The following sub-paragraph(s) is/are the only provision(s) of this Plea Agreement subject to the provisions of Fed. R. Crim. P. 11(c)(1)(C):

**a.    Imprisonment:** The defendant will be sentenced to a term of imprisonment between 384 months and 524 months.

## Other Imprisonment and Supervised Release Provision(s)

**11.    Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

**12.    Conditions of Supervised Release:**  The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case.  The parties reserve the right to present evidence and arguments concerning these conditions.

## Monetary Provisions

**13.    Mandatory Special Assessment:**  The defendant will pay a total of $1500 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**14.    Restitution:**

a.       The Court shall order restitution to each victim in the full amount of each victim's losses as required by law and determined by the Court. The defendant agrees to pay restitution for all losses caused by defendant's conduct, regardless of whether counts of the indictment or information dealing with such losses will be dismissed as part of this plea agreement.

b.       The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

15.    **Financial Obligations:**  The defendant understands and agrees to the following financial obligations:

a.       **Obligation to Pay:**  Any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.  In the event the Court imposes a schedule for payment of restitution, such a schedule represents a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's financial obligation.  The defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.  The Government may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order and/or to collect any fine.  The defendant consents to the Government's use of such legal remedies to collect the defendant's financial obligation and hereby waives any objection to such collection efforts.

b.    **Financial Disclosure:**  The Defendant shall disclose to the United States Attorney's Office and the United States Probation Office all assets in which he/she has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.  The defendant shall truthfully complete the United States Attorney's Office's financial statement form and return the completed form to both the United States Attorney's Office and the United States Probation Office.

c.    **Notice of Material Changes:**  Prior to sentencing, the defendant shall provide notice to the United States Attorney's Office and United States Probation Office of any material change in the defendant's economic circumstances, within seven days of the event giving rise to the changed circumstances.  Such changes shall include, but are not limited to, the transfer of any property, or the defendant's interest in any property, with a value exceeding $1,000, owned, possessed, and/or controlled directly or indirectly, individually or jointly, by the defendant.

d.    **Failure to Disclose:**  The defendant's failure to timely and accurately complete the financial statement or to provide notice of material change in economic circumstances may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

e.    **Material Misrepresentations and Omissions:**  If the defendant makes any material misrepresentation or omission in or regarding the above-described financial obligations, including failing to disclose assets in which the defendant owns, possesses, controls, or has an interest, the Government may, at its sole option, choose to be relieved

of its obligations under this plea agreement. Misrepresentations and/or omissions are material if they effect the defendant's net worth by $10,000 or more.

### Forfeiture

16. **Property to be Forfeited.** The defendant stipulates and agrees to the forfeiture to the Government of, and to the immediate entry of a Preliminary Order of Forfeiture against the defendant pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), the following property:

   i. Smith & Wesson EZ 9mm semiautomatic pistol, bearing serial number NEW1850

   ii. All ammunition recovered with the firearm

(collectively the "Subject Property").

17. **Legal Basis for Forfeiture.** The parties stipulate and agree that the Subject Property is subject to forfeiture because it is:

   a. Firearms and ammunition involved in the commission of the offense and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d).

18. **Waiver of Procedural Rights.** The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. The defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture. The defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the Subject Property.

19.    **Legal Effect of Forfeiture.**  The defendant understands that any forfeiture order entered by the Court is mandatory and is a part of defendant's sentence.  The defendant agrees that forfeiture of the Subject Property is separate from restitution, and that the forfeiture of the Subject Property cannot be ordered by the Court to satisfy any restitution, fine, cost of imprisonment, or any other penalty the Court may impose.

20.    **Abandonment of Other Seized Property.**  The defendant understands that other property may have been seized by federal, state, or local law enforcement agencies during the investigation and prosecution of this cause, which is not identified as Subject Property and is not contraband.  If such property is not forfeited and/or has not been returned to the defendant by the date of sentencing, then the defendant agrees to abandon all right, title, and interest the defendant may have in such property, so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies without further notice or obligation whatsoever owing to the defendant.  The defendant consents to the vesting of title to such property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1.  The defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of such property.  The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of such property.  The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of such property.

**Factual Basis for Guilty Plea**

21.     The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

a.      On March 25, 2022, at approximately 3:49 pm, this defendant, DONTE ALLEN entered the Disc Replay electronics and entertainment retail store, located at 8210 Rockville Road, Indianapolis, Indiana. He wore a black colored balaclava style ski mask, which covered portions of his face and throat. He additionally wore a gray colored knit hat over the top of his mask as well as a gray colored Chicago Bulls hoodie, black pants with a small white colored label on the left thigh, and white colored tennis shoes. The lower portion of ALLEN's blue undershirt could be seen sticking out from underneath his gray hoodie. ALLEN approached the checkout counter with the muzzle of a black colored semiautomatic pistol visibly protruding from his right shirt sleeve. The Disc Replay had multiple employees and customers inside of the business at the time.

b.      ALLEN fully brandished a black semiautomatic pistol once he was at the counter and demanded money from the cash register and safe. He forced one of the customers to join him behind the counter as an employee began opening the registers. ALLEN then physically removed loose US currency from the drawers and walked to the rear of the business. He propped the rear door open and then quickly returned to the checkout counter. He next ordered the employees to

grant him access to the store's safe. The same employee continued to comply and opened it. ALLEN removed US currency from the safe before fleeing out the rear door of the business.

c.      On this same day, at approximately 4:15 pm, ALLEN entered the GameStop electronics and entertainment retailer, located at 5816 Crawfordsville Road, Speedway, Indiana. He wore the same black colored balaclava over his face as well as the same black pants with a small white label and white shoes. However, he now wore a black colored hoodie, but his blue colored t-shirt was still visible underneath. He brandished a black semiautomatic pistol and demanded money from the cash registers and safe. The employees complied, and ALLEN fled with stolen US currency.

d.      On March 27, 2022, at approximately 2:39 pm, ALLEN entered the GameStop, located at 3269 West 86th Street, Indianapolis, Indiana. He wore an orange colored ski mask over the majority of his face with a gray colored knit hat over the top of it. He additionally wore a black hoodie that had "Penguins Hockey" across the chest, gray sweatpants with black lines over the knees, and orange colored shoes.  As ALLEN entered, a female customer was attempting to exit through the same door. ALLEN immediately brandished a black colored semiautomatic pistol and pushed her back into the store. ALLEN initially held the pistol in a similar fashion to how he held it during the robbery of the Disc Replay on March 25, 2022, in which he attempted to cover the hand that was holding it with his sleeve. He approached the check-out counter and demanded money from the cash register. The lone employee complied. ALLEN reached over the counter to take loose US currency from it. ALLEN next asked if there was a safe, but the employee hesitated to answer him. ALLEN then fled from the business.

e.      Later that day at 3:53 pm, ALLEN entered the AutoZone store, located at 4606 East County Line Road, Indianapolis, Indiana. He wore the same clothing as previously

described during the robbery of the GameStop earlier that day other than his ski mask, which was now described as green. ALLEN brandished a black semiautomatic pistol at the employees inside of the business. He initially carried it, so that only the muzzle was visible sticking out of his right sleeve. He demanded money from the cash registers and safe. The employees complied, and ALLEN removed loose US currency from both locations. He then ordered the victims to count to "100" before fleeing from the AutoZone. IMPD responded shortly thereafter and initiated an investigation.

f.      On April 2, 2022, at approximately 8:36 pm, ALLEN entered the GameStop, located at 4525 Lafayette Road, Indianapolis, Indiana. He wore a green colored ski mask, dark colored hoodie with large white drawstrings, black pants, and white tennis shoes. He brandished a pistol in his right hand with only the muzzle sticking out of the sleeve. He demanded money from the cash registers. The victim employees complied, and ALLEN stole loose US currency from the drawers. He then ordered the employees to lay down in the backroom before fleeing from the business. The IMPD responded to the robbery and initiated an investigation.

g.      This same day, at approximately 8:56 pm, ALLEN entered the AutoZone, located at 7455 Michigan Road, Indianapolis, Indiana. He wore what was described as a "neon" colored ski mask with a gray hat on top of it, a black colored sweatshirt, and jeans. He brandished a pistol and demanded money from the cash register and safe. The employees complied, and ALLEN stole loose US currency from the business. The IMPD responded to the AutoZone and initiated an investigation.

h.      On April 3, 2022, at approximately 7:51 pm, ALLEN entered the Disc Replay, located at 9739 East Washington Street, Indianapolis, Indiana. He wore the black balaclava over his face, black sweatshirt, black colored pants, and white tennis shoes over black soles. He also

wore a white colored lanyard with blue writing throughout it around his neck. A vape pen hung from it. He brandished a black colored semiautomatic pistol and demanded money from the cash register and safe. He stole loose US currency from both locations and further ordered everyone to lay on the ground. He then fled from the business.

i.      On April 5, 2022, at approximately 7:00 pm, ALLEN entered the Disc Replay, located at 7317 US 31 South, Indianapolis, Indiana. He wore the black colored balaclava with a black colored knit hat over it, a black colored hoodie with the word "Nike" and the Nike emblem in yellow across the chest and a yellow pattern down either arm, black pants, and the same white over black tennis shoes. He brandished a pistol while multiple customers and employees were in the store. He demanded money from both the cash register and safe. Upon acquiring loose US currency, he fled from the business. The IMPD responded and initiated an investigation. As a part of their follow-up, they took statements from the victim employees and witnesses. One of the witnesses was a customer, who informed the officers that he observed the robber fleeing into a gray colored Chevy Malibu.

j.      At approximately 7:36 pm on this same day, ALLEN entered the AutoZone, located at 8525 Southeastern Avenue, Indianapolis, Indiana. He wore the black balaclava face mask, a black and orange colored Air Jordan brand hoodie, black pants, and the same black and white shoes as previously seen in this series. He immediately brandished a black semiautomatic pistol while keeping the rest of his hand tucked into his sleeve and approached the check-out counter. ALLEN demanded money from the registers and safe. He stole loose US currency from both locations and then fled out the front of the business. One of the victim employees followed ALLEN out. She continued to follow him as he rounded the side of the building and entered into the passenger seat of a dark colored Chevy Malibu.

k.      At approximately 8:42 pm this same day, ALLEN entered the AutoZone, located at 6055 East 82nd Street, Indianapolis, Indiana. He wore the black balaclava face mask and brandished a black colored semiautomatic pistol. He demanded money from the registers and safe. The employees complied, and ALLEN fled with stolen US currency. Prior to leaving, he ordered the victims to lay on the ground. The IMPD responded to the report of the robbery and initiated an investigation.

l.      Detectives investigating the case were able to identify the Chevy Malibu ALLEN fled the area from and conducted physical surveillance.  On April 8, 2022, officers observed the Malibu drive to the GameStop, located at 6905 South Emerson Avenue, Indianapolis, Indiana, arriving in the vicinity of the rear of the business at approximately 6:10 pm.  Officers observed ALLEN exit the front passenger seat.  ALLEN was wearing the same hoodie he had worn during his robbery of Disc Replay on April 5, 2022, as well as a mask covering the lower portion of his face.

m.      ALLEN entered the GameStop as a mother and two small children were preparing to exit. She appeared to notice the muzzle of a black semiautomatic pistol that he had brandished protruding from his right shirt sleeve. He made a physical gesture over his mouth towards the female for her and her children to be quiet and then verbally ordered her to stay in the store as he proceeded towards the cash register. She quickly fled from the GameStop as he walked further away from her towards the check-out counter. Once there, ALLEN demanded access to the cash registers and the safe. The two employees, who were helping other customers at the time, complied and opened the register drawers. ALLEN stole loose US currency and then demanded to know if the backdoor was open. ALLEN initially ran towards it, but then fled back out the front entrance of the GameStop towards the Malibu.

n.    Officers pursued the Malibu as it left the scene.  The Malibu rear-ended another vehicle at the conclusion of the pursuit.  ALLEN was taken into custody.   ALLEN had changed clothes, but some of the clothing he wore during the robbery was still in the vehicle.  A loaded Smith & Wesson 9mm pistol was recovered from the vehicle.

o.    All the businesses ALLEN robbed were engaged in the retail sale of articles and commodities, to include merchandise, in interstate commerce and an industry which affects interstate commerce.  All the above offenses occurred in the Southern District of Indiana.

## Other Conditions

22.    **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

23.    **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

24.    **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Sentencing Guideline Stipulations

25.    **Guideline Computations:**  Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that

these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. These stipulations provide the basis for the sentence agreed upon by the parties in paragraph 9a, above. The 2024 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

a.      The base offense level for counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, and 22 is **20** pursuant to U.S.S.G. §2B3.1(a).

b.      Counts 8, 10, 12, 14, 16, 18, and 20 have **5** levels added pursuant to U.S.S.G. §2B3.1(b)(2)(C), because a firearm was brandished or possessed.

c.      The parties reserve the right to present evidence and argument regarding any applicable enhancements or reductions.

d.      Pursuant to U.S.S.G. §3D1.4, counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, and 22 have a total of 11 units. Since there is more than 5 units, there is a **5** level increase in offense level.

e.      **Acceptance of Responsibility:** To date, the defendant has demonstrated a recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline §

16

3E1.1(a) up to and including the time of sentencing.  The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently.  After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

> **f.**    Counts 3, 5, 7, 23 carry mandatorily consecutive sentences of at least 7 years to each other and to offenses 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, and 22.

## Waiver of Right to Appeal

**26.    Direct Appeal:**  The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined.  Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742.  The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

27.    **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, <u>except</u> as follows:

a.    **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

b.    **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

c.    **Motions for Compassionate Release:**  As concerns this Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13.  The government reserves the right to oppose any motion for compassionate release on any grounds.

18

**28.**    **No Appeal of Supervised Release Term and Conditions:**  The defendant waives the right to appeal the length and conditions of the period of supervised release.

## Presentence Investigation Report

**29.**    The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**30.**    The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

## Statement of the Defendant

**31.**    By signing this document, the defendant acknowledges the following:

**a.**    I have received a copy of the Information and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

**b.**    I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Information, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**c.**    I have read the entire Plea Agreement and discussed it with my attorney.

**d.**     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**e.**     Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**f.**     I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**g.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

**h.**     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**i.**     I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**j.** My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**k.** My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

**l.** If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty plea agreement.  I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Certificate of Counsel

**32.** By signing this document, the defendant's attorney and counselor certifies as follows:

**a.** I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Information in this case;

**b.**    To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

**c.**    The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

**d.**    In my opinion, the defendant's waiver of all reading of the Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

**e.**    In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

**Final Provision**

33.    **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

2-23-25
DATE

Pamela S. Domash
Assistant United States Attorney

2/23/2025
DATE

Michelle P. Brady
Violent Crime Chief

2-19-25
DATE

Donte Allen
Defendant

2-21-25
DATE

Stacy Uliana
Counsel for Defendant

23